OPINION
{¶ 1} Defendant-appellant Hartford Accident Indemnity Company ("Hartford") appeals the June 19, 2002 Judgment Entry entered by the Stark County Court of Common Pleas, granting plaintiff-appellee David Russ' motion for partial summary judgment and overruling Hartford's motion for summary judgment.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On or about November 17, 1987, appellee was operating a motor vehicle on Darlington Road in Stark County, Ohio when he was struck by a vehicle driven by Elizabeth Miller. Miller, who was traveling in the opposite direction of appellee on Darlington Road, crossed the center line, striking appellee's vehicle head on. Miller was killed as a result of the accident. The collision left appellee with fractures of the ulna, clavicle and patella, and jaw; collapsed lungs; a crushed sternum; a concussion; and injuries to his hip which required two surgeries and ultimately a hip replacement.
 {¶ 3} Nationwide Insurance Co. insured Miller and payed appellee the $100,000 limits of Miller's policy. Appellee signed a release in favor of Nationwide and Herbert Miller, Miller's spouse. Appellee filed a lawsuit against Miller's estate, however, the action was dismissed due to the insolvency of the estate.
 {¶ 4} Hartford issued a comprehensive automobile liability insurance Policy No. 46CLRJ16740E to LTV Corporation and its subsidiaries in Dallas, Texas. The policy period began January 1, 1986, and expired on January 1, 1987. The policy has single limits liability coverage in the amount of $2,000,000. Hartford did not provide LTV Corp. with a written offer of UM/UIM coverage and LTV Corp. did not, in turn, submit a written rejection of such coverage.
 {¶ 5} On April 19, 1979, appellee commenced employment with Republic Steel as a mason laborer. During the course of appellee's employment, LTV purchased Republic Steel. Thereafter, this new entity was purchased by its employees in 1988 or 1989, becoming Republic Engineered Technologies.
 {¶ 6} Following the Ohio Supreme Court's decision in Scott-Pontzerv. Liberty Mut. Fire Ins., 85 Ohio St.3d 660, 1999-Ohio-292, appellee filed a declaratory judgment action on November 15, 2001, seeking the trial court determine his status as an insured and entitlement to coverage under the Hartford policy. Hartford filed an answer and counterclaim for declaratory relief, asking the trial court to find appellee was not an insured and not entitled to coverage under the policy. The parties filed cross-motions for summary judgment and response briefs relative thereto. Via Judgment Entry filed June 19, 2002, the trial court granted appellee's motion for partial summary judgment, finding coverage in the amount of $2,000,000, and overruled Hartford's motion for summary judgment.
 {¶ 7} It is from this judgment entry Hartford appeals, raising the following assignments of error:
 {¶ 8} "I. The trial court abused its discretion in finding coverage for appellee where the Hartford policy was not issued for delivery in Ohio to insure vehicles garaged in Ohio.
 {¶ 9} "II. The trial court commenced reversible error when it held that appellee was an insured as the entity that employed appellee was not an insured under Hartford's policy.
 {¶ 10} "III. The trial court abused its discretion in finding coverage for appellee where appellee destroyed Hartford's subrogation rights.
 {¶ 11} "IV. The trial court abused its discretion in finding coverage for appellee where appellee is not `legally entitled' to recover damages from any tortfeasors.
 {¶ 12} "V. The trial court erred in finding that coverage arose by operation of law as appellee failed to timely notify Hartford of the claim to the prejudice of Hartford.
 {¶ 13} "VI. The trial court erred in applying one standard to Hartford and another to plaintiff as Hartford is entitled to equal application of the law.
 {¶ 14} "VII. The trial court erred in entering judgment for appellee as Hartford was entitled to summary judgment because appellee has failed to name all potential insurers."
 I, II {¶ 15} We address these assignments of error first because we find them dispositive of the appeal.
 {¶ 16} In most of the appeals this Court has reviewed involvingScott-Pontzer type claims, the existence of a commercial liability policy, which covered the plaintiff's employer or plaintiff's family member's employer, has not been at issue. However, in the instant action, based upon Hartford's denial for want of knowledge of appellee's allegation in paragraph 6 in the Complaint, such is clearly at issue and where this Court must begin our analysis. Appellee bears the burden of proof on this issue. For the reasons which follow, we find a genuine dispute of material fact remains concerning this issue, and conclude the trial court's granting of summary judgment in favor of appellee at this stage of the proceedings was in error.
 {¶ 17} Because we find appellee bears the burden of proof as to the existence of an insurance policy issued by Hartford to LTV Corp., appellee's employer, we begin with an analysis of the evidence submitted by appellee to support its existence.
 {¶ 18} In his affidavit attached to his motion for partial summary judgment, appellee avers:
 {¶ 19} "2. As a result of this accident, I suffered numerous injuries including fractures of the ulna, clavicle, patella and jaw. I had collapsed lungs, a crushed sternum, and head trauma resulting in [a] brain concussion. Further, I dislocated my hip, which required two subsequent hip replacements.
 {¶ 20} "3. Exhibit B attached hereto is a true and accurate copy of a policy of insurance issued to LTV Corporation (LTV) by the Hartford Insurance Company (Hartford) effective January 1, 1986 and in effect through January 1, 1987.
 {¶ 21} "4. I am currently an employee of Republic Technologies International, which is the successor to LTV, and I was employee of LTV at the time of the insurance of the Hartford policy. I never received an offer of UM-UIM coverage from Hartford at the time of the issuance of Exhibit B or an any other time." Affidavit of David Russ.
 {¶ 22} In his motion in opposition to Hartford's motion for summary judgment, appellee included the affidavit of Kenneth M. Zerrusen, one of his attorneys. Therein, Attorney Zerrusen states:
 {¶ 23} "1. The policy attached to the affidavit of David L. Russ was produced by the Law Department of LTV Steel Company, Inc. in response to my letter attached as Exhibit A. hereto.
 {¶ 24} "2. Exhibit B. hereto is the cover letter accompanying the policy which was attached as Exhibit A to the Affidavit of David L. Russ." Affidavit of Kenneth M. Zerrusen.
 {¶ 25} Exhibit B. reads:
 {¶ 26} "* * *
 {¶ 27} "Re: David L. Russ, SSN 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
 {¶ 28} "Dear Mr. Zerrusen: In response to your letter addressed to Mr. Tom Ward dated October 23, 2001, enclosed please find LTV Steel Company's insurance policies which were in effect on November 17, 1986.
 {¶ 29} "If we can be of further assistance, please do not hesitate to call.
 {¶ 30} "Sincerely, Amy L. Solomon, Legal Assistant"
 {¶ 31} We find appellee's mere allegation the policy he attached to his motion for summary judgment is the insurance policy issued by Hartford to his employer, when such is not based on appellee's personal knowledge, is insufficient to conclude no genuine issue of fact exists. Further, although Attorney Zerrusen had personal knowledge the letter from Amy L. Solomon was in fact the letter he received with the policy, the contents of the letter are hearsay. We find such evidence does not rise to the quality of evidence required by Civ. R. 56. Furthermore, we find Russ' averment in paragraph #4 of his affidavit fails to affirmatively demonstrate his employer (LTV) is the same LTV Corporation, or a subsidiary thereof, to whom Hartford issued its policy in Texas. Even if this relationship had been specifically alleged to have existed, it appears the existence of such a relationship is premised upon the averment appellee makes in paragraph #3 of his affidavit. As noted supra, this averment is based on hearsay and not on his personal knowledge.
 {¶ 32} Appellant's first and second assignments of error are sustained.
 III, IV, V, VI {¶ 33} In light of our disposition of appellant's first and second assignments of error, appellant's third, fourth, fifth, and sixth assignments of error are premature.
 VII {¶ 34} In light of our decision to reverse and remand this case to the trial court for the reasons set forth in our discussion of appellant's first and second assignments of error, we find the trial court's decision not to grant Hartford's motion for summary judgment is interlocutory and does not constitute a final appealable order. Accordingly, we shall not address it at this stage of the proceedings.
 {¶ 35} However, we hasten to note, similar to the deficiencies we found in appellee's evidence to support the existence of an insurance policy issued by Hartford to his employer, we likewise find Hartford's evidence insufficient to establish no such policy of insurance existed covering appellee's employer. Hartford submits the affidavit of Joseph Fosnaught, an account consultant in its Specialty Risk Services Department, who avers, during the course of his investigation into appellee's claim, he discovered the Republic Engineered Steel website. Fosnaught notes the website indicates LTV restructured its bar division in 1986, creating a stand-alone entity. Fosnaught states LTV never notified Hartford of the separate bar division, and as such, the entity was never included in Hartford's policy. Fosnaught concludes neither the entity nor its employees is insured by the policy. We find the statements contained in Fosnaught's affidavit neither prove nor disprove the status of LTV's operation in Ohio as an insured under the Hartford policy, as it is based in part upon the hearsay information Fosnaught found on the internet.
 {¶ 36} The trial court's grant of summary judgment in favor of appellee is reversed and the case remanded for further proceedings consistent with law and this opinion.
By: Hoffman, P.J., Edwards, J. and Boggins, J. concur.
topic: grant of manifest weight inappropriate when evidence not of quality required by Civ. R. 56.